

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

DAVID M. HAZAN
*Assistant Corporation Counsel*
Room 3-186
Telephone: (212) 788-8084
Facsimile: (212) 788-9776
dhazan@law.nyc.gov

September 14, 2007

**BY HAND DELIVERY**
Honorable Denny Chin
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007


SEP 17 2007
JUDGE CHIN'S CHAMBERS

Re: Stephen Rosado v. City of New York et al., 07 Civ. 7598 (DC)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the defense of the above referenced matter on behalf of defendant City of New York.[1] In essence, plaintiff's complaint alleges deliberate indifference, failure to protect, and conspiracy resulting from an incident that occurred on June 2, 2006 while plaintiff was an inmate at Rikers Island. Consequently, I write to respectfully request a sixty-day enlargement of time, until November 16, 2007, for defendant City to respond to the complaint. Based upon the date of service on this office, the City's response is presently due on or about September, 17, 2007. Plaintiff's counsel has consented to this request, and I note further that no previous request for an extension has been made in this action.

      There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In this case, plaintiff alleges that defendants failed to protect him from another inmate and that defendants acted with deliberate indifference to his physical safety. Accordingly, it is necessary for our office to acquire as much information as possible concerning this matter in order to properly assess the case and respond to

---

[1] This case has been assigned to Assistant Corporation Counsel Philip Frank, who is presently awaiting admission to the bar and is handling this matter under supervision. Mr. Frank may be reached directly at (212) 788-0893.

the complaint. Given plaintiff's allegations that defendant's deliberate indifference towards his safety caused him severe physical injury, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of any records pertaining to plaintiff's alleged injury and treatment.

Further, assuming plaintiff is able to identify and effect timely service on individual defendants, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent the individually named defendants. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

I would like to assure the Court that we are attempting to move forward in this litigation as expeditiously as possible, and that the requested enlargement is necessary in order for us to proceed effectively. Accordingly, we would respectfully ask that the Court grant our request for a sixty-day enlargement of the City defendant's time to respond to the complaint, until November 16, 2007.

I thank the Court for its time and consideration in this matter.

Respectfully submitted,

David M. Hazan (DH-8611)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   By Fax (212) 941-8137
      Steven A. Hoffner, Esq.
      350 Broadway, Suite 1105
      New York, New York 10013

Approved,
SO ORDERED

USDJ
9/17/07