UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

STEPHEN ROSADO,

                                Plaintiff,

               -against-

THE CITY OF NEW YORK, AND NEW YORK CITY
CORRECTION OFFICERS "JOHN DOE (1) & (2)",
SUED INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITY,

                              Defendants.

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANT CITY OF NEW YORK TO PLAINTIFF'S COMPLAINT**

07 Civ. 7598 (DC)

Jury Trial Demanded

        Defendant City of New York by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the Complaint ("Complaint"), respectfully alleges, upon information and belief, as follows:

        1.       Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        2.       Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein and admits that plaintiff purports to base venue as stated therein.

        3.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

        4.       Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        5.       Denies the allegations set forth in paragraph "5" of the complaint, except admits that the City maintains a Department of Correction, and respectfully refers the Court to

the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City of New York and the New York City Department of Correction.

6.    States that the allegations set forth in paragraph "6" of the complaint are conclusions of law rather than averments of fact to which no response is required, except respectfully refers the Court to the New York City Charter and the Administrative Code for the duties and functions of the New York City Department of Correction.

7.    Denies the allegations set forth in paragraph "7" of the complaint.

8.    Denies the allegations set forth in paragraph "8" of the complaint.

9.    Admits the allegations set forth in paragraph "9" of the complaint.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11.    Denies the allegations set forth in paragraph "11" of the complaint.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.    In response to the allegations set forth in paragraph "13" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "12" inclusive of this answer, as if fully set forth herein.

14.    Denies the allegations set forth in paragraph "14" of the complaint.

15.    Denies the allegations set forth in paragraph "15" of the complaint.

16.    Denies the allegations set forth in paragraph "16" of the complaint.

17.    In response to the allegations set forth in paragraph "17" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "16" inclusive of this answer, as if fully set forth herein.

18.    Denies the allegations set forth in paragraph "18" of the complaint.

19.    In response to the allegations set forth in paragraph "19" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "18" inclusive of this answer, as if fully set forth herein.

20.    Denies the allegations set forth in paragraph "20" of the complaint.

21.    Denies the allegations set forth in paragraph "21" of the complaint.

22.    Denies the allegations set forth in paragraph "22" of the complaint.

23.    Denies the allegations set forth in paragraph "23" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

24.    The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

25.    Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

26.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

27.    Plaintiff has failed to comply, in whole or in part, with conditions precedent to suit under state law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

28.    Plaintiff provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

29.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

30.     To the extent that the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

31.     Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

32.     At all times relevant to the acts alleged in the complaint, defendant City of New York acted reasonably in the proper and lawful exercise of its discretion.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

33.     Plaintiff's claims are barred, in whole or in part, by the terms of the Prison Litigation Reform Act.

**WHEREFORE,** defendant City of New York requests judgment dismissing the

Complaint, as against it with the costs and disbursements of this action, and such other and

further relief as the Court may deem just and proper.

Dated:        New York, New York
              November 14, 2007

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for Defendant City of New York
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 788-8084

                                        By:    _David M. Hey_____
                                               David M. Hazan (DH-8611)
                                               Assistant Corporation Counsel
                                               Special Federal Litigation Division

To:     **BY FIRST CLASS MAIL**
        Steven A. Hoffner, Esq.
        350 Broadway, Suite 1105
        New York, New York 10013

Docket No.: 07 Civ. 7598 (DC)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEPHEN ROSADO,

Plaintiff,

-against-

THE CITY OF NEW YORK, AND NEW YORK
CITY CORRECTION OFFICERS "JOHN DOE (1)
& (2)", SUED INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY,

Defendants.

---

**ANSWER TO COMPLAINT BY DEFENDANT
CITY OF NEW YORK**

---

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: David M. Hazan*
*Tel: (212) 788-8084*

---

*Due and timely service is hereby admitted.*

*New York, N.Y. ......................................................... ,2007.*

*..................................................................................... Esq.*

*Attorney for ..............................................................................*

- 6 -

## DECLARATION OF SERVICE BY ECF AND FIRST-CLASS MAIL

I, Philip S. Frank, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on November 14, 2007, I served the annexed Answer of Defendant City of New York, by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

> Steven A. Hoffner, Esq.
> Attorney For Plaintiff
> 350 Broadway, Suite 1105
> New York, New York 10013

Dated: New York, New York
      November 14, 2007

Philip S. Frank
Assistant Corporation Counsel
Special Federal Litigation Division